IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER BENTON-EL,** | : | |
| | : | |
|     **Plaintiff,** | : | |
| | : | |
| vs. | : | **5:05-CV-242 (DF)** |
| | : | |
| **ROBERT TAWSE, et al.,** | : | |
| | : | |
|     **Defendants.** | : | |

# **O R D E R**

Currently before the Court is Defendants' objection to and appeal from (doc. 28) a non-dispositive Order entered by United States Magistrate Judge Claude W. Hicks, Jr., in this case on July 24, 2006 (doc. 24). In that Order, the magistrate judge excused Plaintiff Christopher Benton-El, who is proceeding pro se, from his failure to effect service of process on Defendants within the 120-day period prescribed by Federal Rule of Civil Procedure 4(m). The magistrate judge granted Benton-El an additional 30 days (from Benton-El's receipt of the Order) within which to serve Defendants in accordance with Rule 4.

Defendants object to the magistrate judge's ruling, arguing that it was error to grant the 30-day extension of time because the reasons cited by the magistrate judge in support of the extension—namely, Benton-El's pro se status, his good faith effort

to comply with one of the magistrate judge's earlier Orders regarding service of process, and the fact that the statute of limitations would bar Benton-El from asserting his legal claim in the future were this suit to be dismissed for untimely service—do not constitute "good cause" and are therefore "not legally sufficient reasons to excuse compliance with Fed. R. Civ. P. 4(m)." (Defs.' Objection, doc. 28, at 1.) Stated differently, Defendants maintain that dismissal of an action is mandatory where a plaintiff fails to effect service of process within the 120-day period provided by Rule 4(m) and cannot demonstrate good cause for his failure. Both the text of Rule 4(m) and controlling circuit precedent are to the contrary, however.

> Rule 4(m) states in pertinent part:
>
> <u>If service of the summons and complaint is not made</u> upon a defendant <u>within 120 days</u> after the filing of the complaint, <u>the court</u>, upon motion or on its own initiative after notice to the plaintiff, <u>shall dismiss the action</u> without prejudice as to that defendant **or** <u>direct that service be effected</u> <u>within a specified time</u>; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (West 2006) (emphasis added).

Rule 4(m) makes one thing clear: Dismissal of a suit is not required simply because a plaintiff cannot show "good cause" for failing to effect service of process within the prescribed 120 days. Even where good cause does not exist, courts are vested with the discretion to extend the time for service of process. The Eleventh

Circuit, following the lead of five other circuit courts of appeal, has so held.  *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (holding that "Rule 4(m) grants discretion to the district court to extend the time for service of process *even in the absence of a showing of good cause*."); *see also Mann v. American Airlines*, 324 F.3d 1088 (9th Cir. 2003); *Panaras v. Liquid Carbonic Indust. Corp.*, 94 F.3d 338 (7th Cir. 1996); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir. 1995); *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995).

In exercising discretion under Rule 4(m), district courts have been advised to consider, among other things, whether the applicable statute of limitation would bar the plaintiff from pursuing his legal claim in the future if his suit were to be dismissed, even without prejudice, for untimely service of process.  *See Horenkamp*, 402 F.3d at 1132-33 (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).  This is a § 1983 case.  The circumstances giving rise to Benton-El's suit occurred in Georgia on July 13, 2003.  The two-year statute of limitations applicable to § 1983 cases arising in Georgia, *see Thigpen v. Bibb County*, 223 F.3d 1231, 1243 (11th Cir. 2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Mogan*, 536 U.S. 101 (2002), has thus expired.

The magistrate judge, in excusing Benton-El's noncompliance with Rule 4 and

extending the time for service of process, took into consideration the fact that the applicable statute of limitation has expired, as well as Benton-El's status as a pro se litigant. Given the circumstances of this case, the Court concludes that the magistrate judge did not abuse his discretion by permitting Benton-El an additional 30 days to effect service on Defendants. The ruling of the magistrate judge (doc. 26) is therefore affirmed.

SO ORDERED, this 11th day of August, 2006.

/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/sew