IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHRISTOPHER A. BENTON-EL,

                Plaintiff

VS.

S. ODUM, *et al*.,

                Defendants

NO. 5: 05-CV-242 (DF)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Plaintiff **CHRISTOPHER A. BENTON-EL** has filed a *pro se* civil rights complaint for false arrest, unlawful detention, and malicious prosecution. Before the court is the defendants' motion to dismiss (Tab #11) to which the plaintiff has responded (Tab #18 & 19) and the defendants have replied (Tab #22).

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## BACKGROUND

The plaintiff's claims arise from a July 12, 2003, altercation with his wife. Following a 911 call to police, both plaintiff and his wife were arrested on charges of simple battery. As a condition of plaintiff's release from jail the next day, plaintiff alleges he was forced to sign a conditional bond wherein he agreed to stay away from his wife and their home. According to plaintiff, he was the victim in the altercation and the charges against him were ultimately *nolle prossed*. In his original complaint, plaintiff named the following as defendants: Two unidentified sheriff's deputies with the Houston County Sheriff's Department; Magistrate Brenda Morton; and Solicitor Robert Tawse. In response to this Court's September 14th order, plaintiff now replaces the John Doe defendants with sheriff's deputies S. Odom and K. Beck. The Court will consider plaintiff's claims against each defendant.

## DISCUSSION

### Magistrate Brenda Morton

Plaintiff sues Magistrate Morton because she allegedly threatened plaintiff with continued confinement in order to compel plaintiff to sign the conditional bond. Plaintiff also appears to complain that his wife received more favorable treatment from Magistrate Morton than he did when Magistrate Morton refused to revoke his wife's bond after she entered plaintiff's place of work and left a bag of clothing.

Plaintiff's claims against Magistrate Morton are barred by the doctrine of judicial immunity. Judges are entitled to absolute immunity from damages for actions taken in their judicial capacity, unless they acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir.1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356. Magistrates in Georgia have the authority to set bail bonds, Georgia Uniform Magistrate Court Rules 23; O.C.G.A. § 17-6-1(f)(1)-(2), and amend them, Ga. R. Unif. Mag. Ct. 23.4. Because Magistrate Morton was clearly acting within her judicial capacity when she undertook the actions for which she is sued, she has absolute immunity from liability to plaintiff for damages.

To the extent plaintiff is trying to overcome judicial immunity by arguing that, as a Moorish American citizen, he is immune from the laws of the United States, the Court finds that this argument is unavailing. *See e.g., Osiris v. Brown*, 2005 WL 2044904 (D.N.J. 2005); *Khattab El v. U.S. Justice Dept.*, 1988 WL 5117 (E.D. Pa.1988). Magistrate Morton does not lose her immunity because plaintiff is a Moorish American citizen.

Accordingly, it is **RECOMMENDED** that plaintiff's claims against Magistrate Morton be **DISMISSED** and that she be **DISMISSED** as a defendant herein. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served a copy of this order.

### Solicitor Robert Tawse

Plaintiff names solicitor Robert Tawse as a defendant because Tawse denied plaintiff "due process" by never prosecuting the plaintiff's case. Prosecutors have absolutely immune from liability under section 1983 when engaged in initiating a prosecution or presenting the state's case. *Imbler v. Pachtman*, 424 U.S.

409, 430-31 (1976). It is clear that Solicitor Tawse was engaged in prosecutorial activity and that those are the actions about which BENTON-EL complains. Accordingly, it is **RECOMMENDED** that plaintiff's claims against Tawse be **DISMISSED** and that he be terminated as a defendant. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served a copy of this order.

### Sheriffs Deputies S. Odum and K. Beck

Sheriffs S. ODUM and K. BECK have raised the defense of qualified immunity, which shields government actors from suit unless they violate clearly established federal statutory or constitutional law. "[Q]ualified immunity is a question of law that may be generally asserted (1) on a pretrial motion to dismiss under Rule 12(b)(6) for failure to state a claim; (2) as an affirmative defense in the request for judgment on the pleadings pursuant to Rule 12(c); (3) on a summary judgment motion pursuant to Rule 56(e); or (4) at trial." ***Skrtich v. Thornton***, 280 F.3d 1295, 1306 (11th Cir. 2002).

Defendants ODUM and BECK have raised qualified immunity in their motion to dismiss, but it appears to the undersigned that since the plaintiff does state a claim upon which relief can be granted (specifically a false arrest and/or a violation of the plaintiff's due process rights), it would more appropriately be brought in a motion for judgment on the pleadings pursuant to Rule 12(c). Though it would be within the court's discretion to treat the defendants' motion to dismiss as a motion for judgment on the pleadings, the undersigned believes that doing so might prejudice the plaintiff who has responded to the defendants' motion as one seeking dismissal, not judgment on the pleadings.

Accordingly, IT IS RECOMMENDED that the defendants' **MOTION TO DISMISS** be DENIED *without prejudice* to refile as a motion for judgment on the pleadings as it pertains to defendants ODUM and BECK. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 12th day of SEPTEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE