IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER A. BENTON-EL, | |
| Plaintiff | |
| VS. | NO. 5: 05-CV-242 (DF) |
| S. ODOM, *et al.*, | PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |
| Defendants | |

## ORDER AND RECOMMENDATION

Plaintiff **CHRISTOPHER A. BENTON-EL** has filed a *pro se* civil rights complaint for false arrest, unlawful detention, and malicious prosecution. On September 9, 2006, the undersigned submitted a recommendation that the plaintiff's claims against defendants MAGISTRATE BRENDA MORTON and SOLICITOR ROBERT TAWSE be dismissed because the actions of these defendants were protected by judicial and prosecutorial immunity respectively.  The undersigned further recommended that plaintiff's claims should go forward against defendant Deputy Sheriffs S. ODOM and K. BECK because qualified immunity had been brought at an incorrect juncture. Defendants ODOM and BECK objected to the recommendation, however, and the undersigned has concluded that their objection is a valid one necessitating the vacation of the recommendation made as to them. Accordingly, that portion of the September 12th recommendation dealing with defendants ODOM and BECK (and only that portion dealing with them) is hereby VACATED and the following recommendation entered as to these defendants.

### FACTS

Plaintiff Benton-El claims that his arrest on July 12, 2003, by Deputy Sheriffs ODOM and BECK following an altercation with his wife, violated his constitutional rights. The facts presented to the court[1] demonstrate that when defendants ODOM and BECK reported to the scene of an alleged domestic disturbance, they interviewed relevant witnesses, including the plaintiff's wife who advised them that the plaintiff had attempted to break her arm. The defendants arrested both the plaintiff and his wife, and they were charged with simple battery.

---

[1] The court takes judicial notice of the filings submitted by the plaintiff along with his pleadings.

The defendants have asserted the defense of qualified immunity which shields public officials from being sued for damages in their individual capacities while performing discretionary functions unless their actions violate clearly established constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982)**.** It is not disputed that Deputies ODOM and BECK were acting in their discretionary authority when they arrested plaintiff Benton-El.

## DISCUSSION

In evaluating whether an official is entitled to qualified immunity, as a threshold matter, the court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Williams v. Consolidated City of Jacksonville,* 341 F.3d 1261, 1268 (11th Cir.2003). The incident report (Tab #4, Attachment 1 at 1), a copy of which has been filed by plaintiff Benton-El, shows that Lori Benton, the plaintiff's wife, told the officers that she and her husband [the plaintiff] got into a fight, and he held her down on the floor and tried to break her arm. After listening to contentions and explanations made by plaintiff and his wife, interviewing another individual who was present during the altercation, and observing the behavior of the parties at the scene, the deputies arrested *both* plaintiff and his wife. Plaintiff contends that he was falsely arrested and unlawfully detained by the deputies. Consideration of the defendants' claim of qualified immunity requires a determination of (1) whether there was probable cause to support plaintiff's arrest, *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003), and (2) whether defendants ODOM and BECK violated clearly established law in arresting and detaining plaintiff Benton-El.

Based on the contents of the incident report, attached by plaintiff to his pleadings, it appears to the undersigned that the deputies had probable cause to arrest plaintiff Benton-El for violating either O.C.G.A. 16-5-23(a), which states that a person commits the offense of simple battery when he intentionally makes physical contact of an insulting or provoking nature with the person of another, or O.C.G.A 17-4-20.1(b), which gives an officer discretion in a domestic violence case "to arrest any [person other than the primary aggressor] believed to have committed an act of family violence during the incident." In order for a warrantless arrest to be constitutional pursuant to the Fourth Amendment, the officers must have had a reasonable belief that a crime had been committed. *Devenpeck v. Alford*, 543 U.S. 146 (2004). In the case at bar, such a belief was reasonable under the facts made known to them *at the scene*.

It further appears that deputies ODOM and BECK did not violate clearly established law.  As pointed out by counsel for the defendants, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer *that his conduct was unlawful in the situation he confronted.*"  *Saucier v. Katz*, 533 U. S. At 202, 121 S.Ct. 2151, 2156 (2001) (emphasis supplied).  Deputies ODOM and BECK were simply carrying out their duties as law enforcement officers based on what they determined the facts to be *at the scene*.  Under these circumstances, defendants ODOM and BECK are entitled to qualified immunity.

Accordingly, IT IS RECOMMENDED that the motion to dismiss filed on behalf of Deputy Sheriffs ODOM and BECK be GRANTED and that they be DISMISSED from this action.   Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 4th day of OCTOBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE