# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| BENTON-EL, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 5:05-CV-242 (HL) |
| S. ODOM, et al., | : | |
| Defendants. | : | |

## ORDER

Before the Court is a Report and Recommendation (Doc. 30 ) from United States Magistrate Judge Claude W. Hicks, Jr., that recommends granting Defendants' Motion to Dismiss (Doc. 11) with respect to Defendants Morton and Tawse and a Report and Recommendation (Doc. 34) that recommends granting Defendants' Motion to Dismiss with respect to Defendants Odum and Beck. Plaintiff has filed an Objection arguing Defendant Morton is not entitled to judicial immunity, Defendant Tawse is not entitled to absolute immunity, and Defendants Odum and Beck are not entitled to qualified immunity. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objection and has made a de novo determination of the portion of the Recommendations to which Plaintiff objects. For the reasons fully explained by Judge Hicks, the Recommendations are adopted and Defendants' Motion to Dismiss is granted.

## A. Defendants Odum and Beck

According to the Complaint, Plaintiff and his wife had an argument about cigarettes on July 12, 2003. Plaintiff's wife became agitated and began overturning furniture in the room allegedly looking for cigarettes. In response, Plaintiff told his wife to leave the room, which she did. Ten minutes later, Plaintiff's wife re-entered the room and demanded Plaintiff stop using her computer. After a brief discussion, Plaintiff's wife charged Plaintiff and the following altercation ensued:

> "Plaintiff attempted to grab his wife's arms to avoid any harm and she went wild and the Plaintiff was able to get a good hold on his wife and get her on the floor. Once Plaintiff had his wife down on her stomach, he placed her arm behind her back to restrain her. Plaintiff's wife continued struggling, trying to get free, but the Plaintiff continued to restrain her."

(Supplemental Compl. 1.) After Plaintiff was assured his wife would leave the room, he released her. Plaintiff's wife left the room and called the Houston County Sheriff's Department, and Defendants Odum and Beck were dispatched to the scene. After a brief investigation, during which Plaintiff recounted the altercation as described above, both Plaintiff and his wife were arrested and charged with simple battery.

Plaintiff alleges Defendants Odum and Beck violated his Fourth Amendment rights because they had no lawful reason to arrest him. Defendants Odum and Beck have

2

asserted qualified immunity as a defense. Qualified immunity protects government officials performing discretionary functions from civil liability provided their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 475 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). The Eleventh Circuit requires district courts to use a burden-shifting analysis in determining whether a government official is entitled to qualified immunity. First, a defendant bears the burden of proving that the allegedly unconstitutional conduct occurred while he or she was acting within the scope of his discretionary authority. Priester v. City of Riviera Beach, 208 F.3d 919, 926 (11th Cir. 2000). Second, if the defendant discharges this burden, the burden shifts to the plaintiff to prove the defendant violated clearly established law of which a reasonable person would have known. Id. Here, it is undisputed that Defendants Odom and Beck were acting within their discretionary authority when they arrested Plaintiff. Therefore, the only issue for the Court is whether Defendants violated clearly established law of which a reasonable person would have known.

As a "threshold question," a court must ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). "If a plaintiff has not sufficiently alleged a violation of any constitutional right, it is

axiomatic that the plaintiff likewise has failed to allege the violation of a 'clearly established' right." GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998). However, if a constitutional "violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Saucier, 533 U.S. at 201, 121 S. Ct. at 2156. Here, Plaintiff argues Defendants Odum and Beck violated his constitutional rights, specifically his Fourth Amendment right to be free from unreasonable search and seizure, by unlawfully arresting him on July 12, 2003. Thus, the Court must first determine whether Defendants conduct violated the Fourth Amendment.

An arrest based on probable cause does not violate the Fourth Amendment. Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990). Probable cause exists to arrest a suspect when "the facts and circumstances within [an] officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Von Stein, 904 F.2d at 578. However, the appropriate inquiry for qualified immunity is not whether there was probable cause, but whether there was "arguable" probable cause to arrest. Pickens v. Hollowell, 59 F.3d 1203, 1206 (11th Cir. 1995). Thus, in applying the qualified immunity test in the context of this case, the Court "must determine whether reasonable officers in the same circumstances and possessing

the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." Id.; Madiwale v. Savaiko, 117 F.3d 1321, 1324 (11th Cir. 1997 ).

Plaintiff argues Defendants Odum and Beck lacked probable cause or even arguable probable cause to arrest him. The Court does not agree. Simple battery is defined under Georgia Law as follows:

> (a) A person commits the offense of simple battery when he or she either:
>
> > (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or
> >
> > (2) Intentionally causes physical harm to another.

O.C.G.A. 16-5-23(a) (2003). On the night in question, Plaintiff told Defendants Odum and Beck that he grabbed his wife's arm, pinned her down on the floor, and placed her arm behind her back. These actions clearly constitute intentional physical conduct of an insulting or provoking nature. Thus, according to the facts alleged in the Complaint, the Court finds Defendants Odum and Beck had arguable probable cause and actual probable cause to arrest Plaintiff for simple battery.

**B. Defendant Morton**

According to the Complaint, the morning after Plaintiff was arrested for simple battery in connection with the altercation with his wife, a hearing was held before

Magistrate Judge Morton. Plaintiff was presented with a bond and told that he would remain in jail unless he signed the bond. Plaintiff signed the conditional bond and was released the following day. On October 22, 2003, a second hearing was held before Judge Morton. After hearing testimony regarding the conduct of Plaintiff, Judge Morton determined Plaintiff's conditional bond would remain in effect. Plaintiff subsequently brought suit against Defendant Morton alleging she compelled Plaintiff to sign a conditional bond with the threat of imprisonment.

Judge Hicks found Defendant Morton was entitled to judicial immunity and that Plaintiff's claims against her were barred. The Court agrees. As more fully explained by Judge Hicks, "[j]udges are entitled to absolute immunity from damages for actions taken in their judicial capacity, unless they acted in the 'clear absence of all jurisdiction.'" (Report and Recommendation 2, Nov. 12, 2003.) (citation omitted). Further, under Georgia law, Magistrate Judges have the authority to set bail bonds. See O.C.G.A. 17-6-1 (2003). Therefore, as Defendant Morton was clearly acting within her judicial capacity when she issued Plaintiff's conditional bond, Plaintiff's claims against Defendant Morton are barred by judicial immunity.

**C. Defendant Tawse**

In his Objection, Plaintiff merely restates the arguments and allegations with respect to his claims against Defendant Tawse that he presented to Judge Hicks. The Court

has reviewed the Recommendation and agrees with the analysis used by Judge Hicks. As Judge Hicks thoroughly addressed Plaintiff's prior arguments, and Plaintiff has presented the Court with no new arguments, the Court will not repeat Judge Hicks's analysis here.

**D. Conclusion**

For the reasons explained herein and by Judge Hicks, the Recommendations (Docs. 30 and 34) are adopted, and Defendants' Motion to Dismiss (Doc. 11) is granted.

**SO ORDERED**, this the 19th day of June, 2007.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs